UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNION MUTUAL FIRE INSURANCE COMPANY,

                                              Plaintiff,

              -v-

MARIO TEJADA and PABLO BRITO,

                                              Defendants.

20 Civ. 9166 (PAE)

**OPINION & ORDER**

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Union Mutual Fire Insurance Company ("Union Mutual") issued to defendant Mario Tejada ("Tejada") a commercial liability insurance policy, which covers, *inter alia*, bodily injuries occurring on Tejada's property in the Bronx. The policy includes certain exceptions to Union Mutual's obligation to defend and indemnify Tejada, including for injuries involving construction or repairs, employees, and independent contractors and subcontractors. Union Mutual brings this case seeking a declaratory judgment that it is not obligated to defend or indemnify Tejada with respect to an accident at the Bronx property in which defendant Pablo Brito ("Brito") was injured. Tejada moves to dismiss the case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). For the reasons that follow, the Court denies that motion.

**I.    Background**[1]

Union Mutual issued a commercial package insurance policy to Tejada for the property at 409 Howe Avenue, Bronx, New York 10473. FAC ¶¶ 9–10. The policy provides liability

---

[1] The following factual account draws primarily from the First Amended Complaint, Dkt. 18 ("FAC"), the attached exhibits, and the documents that it incorporates it by reference, *see*

coverage of up to $500,000 per occurrence for bodily injuries occurring on the property. *See id.* ¶ 11. The policy also obligates Union Mutual to defend Tejada against any suit "seeking damages even if the allegations of the 'suit' are groundless, false or fraudulent." *Id.* ¶ 12 (quoting policy terms). Union Mutual, however, denies a duty to "defend [Tejada] against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance [policy] does not apply." *Id.* (quoting policy terms). The policy excludes liability for injuries occurring as a result of "construction, renovation or repair work" (the "Designated Operations Exclusion") and for bodily injuries of employees (the "Employer's Liability Exclusion") and independent contractors and subcontractors (the "Independent Contractor Exclusion"), unless those contractors meet specific requirements. *Id.* ¶¶ 13–15. The policy also includes an exception for obligations "under a workers' compensation, disability benefits or unemployment compensation law or any similar law" (the "Workers' Compensation Exclusion"). *Id.* ¶ 13.

The FAC alleges that, on January 28, 2019, Tejada was supervising construction at the insured property, when Brito was allegedly injured after tripping over a damaged floor tile.

---

*DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). Specifically, the Court relies on the policy, Dkt. 26-2; *see* FAC ¶ 9 (incorporating the policy by reference), and the complaint in the underlying state court action, Dkt. 25-3 ("Underlying Compl."), which is heavily relied on in the FAC, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (cleaned up)).

For purposes of Tejada's Rule 12(b)(1) motion, the Court also considers documents filed in support of Union Mutual's opposition to Tejada's motion to dismiss, specifically the declarations of Charles Englert, Esq., Union Mutual's counsel, Dkt. 25 ("Englert Decl."), and James Lambert, the president of Roundhill Express, LLC, Union Mutual's third-party claims administrator, Dkt. 26 ("Lambert Decl."), *see Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (In determining subject-matter jurisdiction "courts are permitted to look to materials outside the pleadings.").

*Id.* ¶¶ 17–18.[2]  On October 22, 2019, Brito commenced an action in state court against Tejada. *Id.* ¶ 20.  Brito alleges there that Tejada failed to provide a safe premises for workers, failed to provide proper safety equipment, and failed to maintain workers' compensation insurance. *Id.* ¶ 21.  However, Brito does not specifically allege that he was an employee or independent contractor at the time of the accident.

On August 17, 2020, Union Mutual learned of Brito's action when it received a copy of the summons and complaint.  *Id.* ¶ 24.  On September 14, 2020, Union Mutual issued a disclaimer of coverage to Tejada, based on the (1) Designated Operations Exclusion; (2) Employer's Liability Exclusion; (3) Workers' Compensation Exclusion; and (4) Independent Contractor Exclusion.  *Id.* ¶ 26.  Union Mutual also disclaimed coverage on the basis that Tejada had failed to timely inform it of the injury and the lawsuit, and failed to timely forward the summons and complaint.  *Id.* ¶ 27.  Union Mutual did, however, assign Tejada a gratuitous defense in the underlying action, subject to the resolution of this action.  *Id.* ¶ 28.

On November 2, 2020, Union Mutual filed the complaint in this action.  Dkt. 1.  On February 8, 2021, Union Mutual filed the FAC.  On February 22, 2021, Tejada moved to dismiss the FAC under Rules 12(b)(1) and 12(b)(6).  Dkt. 21-1 ("Tejada Mem.").  On February 22, 2021, the Court issued an order directing Union Mutual to either amend the FAC or oppose Tejada's motion to dismiss.  Dkt. 23.  On March 16, 2021, Union Mutual opposed the motion to dismiss. Dkt. 27 ("Union Opp'n").  On March 30, 2021, Tejada filed a reply.  Dkt. 28 ("Tejada Reply").

---

[2] Union Mutual conducted its own investigation, during which it discovered that Brito's injury may actually have occurred on January 5, 2019.  *See* FAC ¶ 19.

3

## II. Applicable Legal Standards

### A. Rule 12(b)(1)

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see Lleshi v. Kerry*, 127 F. Supp. 3d 196, 199 (S.D.N.Y. 2015).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011) (summary order) (citing *Makarova*, 201 F.3d at 113). In resolving a motion to dismiss for lack of subject-matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quotation omitted), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting" federal jurisdiction, *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). On such a motion, a court may consider evidence outside the pleadings, such as affidavits and exhibits. *See Makarova*, 201 F.3d at 113.

### B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not

raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Although the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014), that tenet "is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678.

### III.   Discussion

#### A.   Subject-Matter Jurisdiction

Tejada first moves to dismiss the complaint for lack of subject-matter jurisdiction. Union Mutual asserts federal jurisdiction only under 28 U.S.C. § 1332, diversity jurisdiction. Section 1332 provides for federal "jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Tejada argues that the Court lacks diversity jurisdiction because Union Mutual has failed to show that the amount in controversy exceeds $75,000. *See* Tejada Mem. at 3.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Union Mutual's FAC seeks a declaration that it does not have a duty to defend or indemnify Tejada in the underlying action brought by Brito. *See* FAC ¶¶ 29–68. Tejada argues that, in determining whether the amount in controversy requirement is met, (1) the Court cannot consider the damages sought by Brito in the underlying action because the indemnity claims are not ripe for adjudication (an argument he raises for the first time on reply); and (2) Union Mutual has not adequately demonstrated that the cost of its defense of Tejada in the underlying action exceeds $75,000. *See* Tejada Mem. at 3–4; Tejada Reply at 2–4.

As to the first argument, Tejada is correct that, in general, "[c]laims concerning indemnification obligations . . . are not ripe for adjudication until liability has been imposed upon the party to be indemnified." *FSP, Inc. v. Societe Generale*, No. 02 Civ. 4786 (GBD), 2003 WL 124515, at *4 (S.D.N.Y. Jan. 14, 2003), *aff'd and remanded*, 350 F.3d 27 (2d Cir. 2003), *and adhered to on reconsideration*, 2005 WL 475986 (S.D.N.Y. Feb. 28, 2005); *see also Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 261 (S.D.N.Y.) ("Courts often distinguish between the duty to defend and the duty to indemnify in determining whether each issue posed in a declaratory judgment action is ripe for adjudication" because "the duty to defend is triggered by the filing of a lawsuit while the duty to indemnify is triggered by a determination of liability."), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013) (summary order). However, "a decision on the duty to defend will sometimes produce a definite answer with respect to the duty to indemnify as well," in which case the indemnity claim is ripe for adjudication. *Atl. Cas. Ins. Co.*, 918 F. Supp. 2d at 261. In particular, "to the extent that the questions about insurance coverage which arise in the declaratory judgment action can be separated from the issues of liability and causation that are being litigated in the underlying lawsuit, there is far less reason to withhold judgment on the question of indemnification." *Id.*

Here, the decision as to whether Union Mutual is obligated to defend Tejada will require a decision as to whether Brito's type of injury is covered by the policy. Those claims are therefore ripe for adjudication. Further, although the FAC casts doubt on the merits of Brito's underling claims, *see* FAC ¶ 19 (Union Mutual's investigation revealed Brito's injury may not have occurred on the date he claimed), Union Mutual's declaratory judgment claims here do not turn on the merits of Brito's claims in the underlying action. Rather, Union Mutual seeks a declaration that it does not have to defend or indemnify Tejada because the policy excludes

Brito's type of injury and because Tejada allegedly gave it late notice of the accident and lawsuit. Thus, it is appropriate here to decide the question of indemnification with the question of Union Mutual's duty to defend. Accordingly, the value of Brito's damages in the underlying action may be considered in determining whether the amount in controversy is met. *See Lighton Indus., Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp. 3d 167, 181 (E.D.N.Y. 2018) ("Here, the value of the object of the litigation depends on [the insurers'] coverage obligations: if plaintiffs prevail, [the insurers] will be required to defend, and possibly indemnify, defendants in the [underlying action]; if [the insurers] prevail, [the insurers] will owe no defense or indemnification duties."); *Am. Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 3d 237, 242–43 (E.D.N.Y. 2015) (in declaratory judgment action brought by insurer seeking to avoid duty to defend and to indemnify insured, damages in the underlying action and good-faith estimate of litigation costs exceeded $75,000).

The bill of particulars submitted by Brito in the underlying action avers that Brito has suffered approximately $99,000 in lost wages as a result of his injuries. *See* Lambert Decl., Ex. D ("Bill of Particulars") ¶ 23; *see also Am. Safety Cas. Ins. Co., LLC*, 124 F. Supp. 3d at 242 (relying on bill of particulars in finding amount-in-controversy requirement met where underlying complaint did not reference a specific amount for recovery). Accordingly, Union Mutual has proven that there is a "reasonable probability that the claim is in excess of the statutory jurisdictional amount," and Tejada has not shown "to a legal certainty" that the amount in controversy does not meet the jurisdictional threshold. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).[3]

---

[3] Tejada argues that this is not competent evidence because it (1) was not verified by Brito himself—but by his counsel; and (2) was available to Union Mutual at the time it filed the FAC.

7

In any event, notwithstanding the amount at issue in the indemnity claims, Union Mutual has averred that the cost to defend Tejada in the suit is likely to exceed $75,000. In his declaration, Lambert explained that he has "been personally involved in the defense of over 100 personal injury lawsuits on behalf of Union Mutual's insureds," and that it "is not uncommon for the costs to defend a personal injury lawsuit, such as the Underlying Action, to exceed $75,000." Lambert Decl. ¶¶ 28–29. Union Mutual therefore has a good-faith basis to believe with reasonable probability that the cost of the defense it is providing Tejada is likely to exceed $75,000. The Court would thus have subject-matter jurisdiction even without the indemnity claims.

### B. Failure to State a Claim

Tejada next moves to dismiss the FAC for failure to state a claim. *See* Tejada Mem. at 4. The Court easily disposes of this motion.

Under New York law, the "insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy." *Stein v. N. Assur. Co. of Am.*, 617 F. App'x 28, 30 (2d Cir. 2015) (summary order) (quoting *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 443 (2002)). Accordingly, the insurer's "duty to defend is broader than its duty to indemnify." *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006). This places a "heavy burden" on the insurer, which "may only disclaim its duty to defend if it has demonstrated, as a matter of law, that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Stein*,

---

*See* Tejada Mem. at 4; Tejada Reply at 2–3. Neither argument is persuasive, as Tejada does not cite any case law requiring this Court, on these grounds, to ignore the allegations in the Bill of Particulars for purposes of determining subject-matter jurisdiction.

617 F. App'x at 30 (cleaned up).  "[W]here an insurer's duty to defend turns on an unresolved factual dispute, the duty to defend lasts only until the factual ambiguity is resolved in favor of the insurer." *Id.* at 30–31 (cleaned up).  Whether the insurer has a duty to defend the insured is "ordinarily ascertained by comparing the allegations of a complaint with the wording of the insurance contract." *Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144 (2d Cir. 2004).

Union Mutual's first four causes of action seek a declaration that Union Mutual is not obligated to defend Tejada or indemnify him for any liability incurred as a result of the underlying action because one or more of the following policy exclusions apply: (1) the Designated Operations Exclusion; (2) the Employer's Liability Exclusion; (3) the Workers' Compensation Exclusion; or (4) the Independent Contractor Exclusion.  *See* FAC ¶¶ 29–45.  Tejada argues that these fail to state a claim because neither the FAC nor the complaint in the underlying action alleges sufficient facts from which one could reasonably infer that Brito's alleged injury occurred as a result of ongoing construction, renovation, or repair work, or that Brito worked as an employee or independent contractor of Tejada.  *See* Tejada Mem. at 6–8.  However, the Underlying Complaint pleads that Brito was injured, *inter alia*, as a result of Tejada's failure "to provide a path for workers to conduct work, . . . to provide proper equipment and devices, . . . to maintain the premise clean and safe for workers, [and] . . . to maintain workers compensation insurance."  Underlying Compl. ¶ 9.  Brito further alleges that Tejada "supervised the . . . construction being conducted at 409 Howe Avenue, Bronx and State of New York."  *Id.* ¶ 8.

These allegations are sufficient at the pleading stage to sustain claims for a declaratory judgment that the policy does not apply to the underlying action because the action implicates one or more exclusions, such that Union Mutual does not have a duty to defend Tejada in the

underlying action. Although these allegations alone may not establish the lack of a duty by Union Mutual to indemnify Tejada under the policy, "in determining whether an insurer is obligated to defend its insured, 'a court may look to judicial admissions in the insured's responsive pleadings in the underlying tort action or other formal submissions in the current or underlying litigation to confirm or clarify the nature of the underlying claims.'" *Lighton Indus., Inc.*, 348 F. Supp. 3d at 184–85 (quoting *Northville Indus. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 N.Y.2d 621, 635 (1997)). The bill of particulars[4] and Tejada's responsive pleadings in the underlying action may also shed light on the context in which Brito was allegedly injured. And in "exceptional circumstances," courts may look to other extrinsic evidence to consider whether that evidence establishes with certainty that the insurer has no basis to indemnify (and therefore no duty to defend). *See Avondale Indus., Inc. v. Travelers Indem. Co.*, 774 F. Supp. 1416, 1424–25 (S.D.N.Y. 1991) (collecting cases). Union Mutual has plausibly pled that it may be able to demonstrate, through such materials, that Brito's injury is not covered under the policy because it occurred as a result of ongoing construction, renovation, or repair work, or due to Brito's alleged status as an employee or independent contractor.

Tejada also moves to dismiss Union Mutual's claims seeking a declaratory judgment that, because Tejada gave late notice of the accident and the lawsuit and failed to forward the lawsuit papers to Union Mutual, Union Mutual lacks a duty to defend or indemnify Tejada. *See* Tejada Mem. at 8–9. He argues that the FAC does not state the date on which Tejada learned of the

---

[4] The Second Circuit has held that in comparing policy language to an underlying state-court complaint to determine whether the insurer has a duty to defend, a court, "may look also to [the state-court plaintiff's] bill of particulars, which amplifies the allegations in the complaint and may be considered in determining the sufficiency of [the state-court plaintiff's] pleadings under New York law." *Emps. Ins. Co. of Wausau v. Harleysville Preferred Ins. Co.*, 726 F. App'x 56, 60–61 (2d Cir. 2018) (summary order) (cleaned up).

injury or the lawsuit or when he was served with the complaint in the underlying action. *See id.* In fact, as to notice of the injury, the FAC pleads that, on January 28, 2019, Tejada was supervising construction work at the insured property when Brito was allegedly injured. *See* FAC ¶¶ 17–18; *see also* Underlying Compl. ¶¶ 8–9. It is reasonable to infer from these allegations that Tejada was aware of the injury on the day it occurred.

By contrast, the FAC does not allege, even on information or belief, when Tejada learned of the underlying action. On this point, Tejada is correct. The FAC alleges only that Tejada learned of the underlying action "thereafter." FAC ¶¶ 57, 65. However, Union Mutual has moved for leave to amend the FAC. *See* Union Opp'n at 10–12. And under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint shall be "freely" given as "justice so requires." "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). In exercising this discretion, courts consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Union Mutual has indicated that the docket in the underlying action reflects the date on which Tejada was served. Accordingly, the deficiency Tejada identifies can be easily cured. And Tejada will not be prejudiced by the amendment. Discovery has not yet begun, and the Court has sustained Union Mutual's first five causes of action over Tejada's motion to dismiss. The Court therefore grants Union Mutual's motion to amend its sixth and seventh

causes of action to allege when Tejada learned of the underlying action, including when he was served with process in connection therewith.

## CONCLUSION

For the foregoing reasons, Tejada's motion is granted in part and denied in part. Union Mutual's motion to amend the FAC is granted as to its sixth and seventh causes of action only. Any amended complaint is to be filed within one week of the date of this decision. The Clerk of Court is respectfully directed to terminate the motion pending at docket 21.

The Court schedules an initial pretrial conference for August 6, 2021, at 2 p.m. This conference will be held telephonically. The parties should call into the Court's dedicated conference line at (888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key. Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences.

Counsel are further directed to prepare a Civil Case Management Plan and joint letter in accordance with the Court's Individual Rules, to be submitted to the Court no later than August 3, 2021, at 5 p.m.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 23, 2021
       New York, New York