

575 Broadhollow Road
Melville, New York 11747
P: 631.465.0700 F: 631.465.0313
hurwitzfine.com

**Jesse L. Siegel**
jls@hurwitzfine.com

March 30, 2023

**VIA ECF**
Judge Paul A. Engelmayer
United States District Court, Southern District
40 Foley Square
New York, New York  10007

      Re:    Union Mutual Fire Insurance Company v. Mario Tejada et. al.
            Civil No.:    20-cv-9166 (PAE)
            Our File No.:  20211263

Dear Hon. Judge Engelmayer:

      As you know, we represent Plaintiff, Union Mutual Fire Insurance Company ("Union Mutual") relative in this declaratory judgment matter, which seeks a court declaration that Union Mutual is not obligated to defend or indemnify Mario Tejada or Beverly Joaquin in a Supreme Court Bronx County action styled *Pablo Brito v. Mario Tejada and Beverly Joaquin*, commenced under Index Number 32406/2019E (the "underlying action"). Currently, Union Mutual is providing Tejada and Joaquin with a courtesy defense and is awaiting the resolution of the underlying action to determine Union Mutual's indemnity obligations.

      Separately, the Court's current deadline in this matter for completion of a Joint Pre-Trial Order, as well as documentary exhibits and motions in limine, is set for April 3, 2023, while the underlying action is lagging.  In this regard, the undersigned only yesterday received the deposition transcript of the underlying action's Plaintiff, Pablo Brito.

      Union Mutual commenced this declaratory judgment action based on the conclusions of its investigation that Brito was in the course of his employment with Mario Tejada wherein he performed construction work at the time of his alleged accident, which if proven, would trigger Union Mutual Policy's Independent Contractors' Exclusion, Employers' Liability Exclusion and Designated Operations Exclusion.  Tejada disputes the conclusions of Union Mutual's investigation, denying Brito was working for him, and also denying that any sort of work rising to the level required in the exclusions was being performed.  Thus, according to Tejada, the Union Mutual Policy exclusions do not apply.  Brito was sued in this matter to bind him to the outcome of this declaratory judgment action, but Brito never appeared.





575 Broadhollow Road
Melville, New York 11747
P: 631.465.0700 F: 631.465.0313
hurwitzfine.com

After reviewing Brito's transcripts from the underlying matter, which again the undersigned did not receive until yesterday, it is abundantly clear that Brito's version of the circumstances surrounding the alleged incident is drastically different than Tejada's version. As a result, it is clear that the underlying action needs to be resolved before the declaratory judgment action can continue. Specifically, the issue that needs to be decided in the underlying action is whether Brito was engaged in construction work for Tejada at the time of the accident, which would trigger the exclusions in the Union Mutual Policy, or whether Brito was not engaged in construction work pursuant to employment with Tejada, and simple negligence only will apply to this accident. A determination of that issue will clarify Union Mutual's indemnity obligations.

As Your Honor is aware, an insurer's duty to indemnify is triggered by a determination that the loss, as established by the facts, is covered by the policy. Starr Indemnity v. Excelsior, 516 F. Supp3d 337 (S.D.N.Y 2021). The duty to indemnify is measured by the actual basis for the insured's liability rather than the allegations of the pleadings. Id. at 348. The establishment of the facts and a determination regarding same has yet to be resolved. As such, if a bench trial in the declaratory judgment matter is forced to proceed prior to the resolution of the underlying matter, Your Honor will essentially be issuing a conditional judgment, or an advisory opinion. Moreover, the potential for inconsistent verdicts also arises.

Considering the above, with the consent of counsel for defendant Tejada, we respectfully request a lengthy adjournment and/or a stay of this declaratory judgment proceeding until such time as the above issue in the underlying matter is resolved. With this new evidence received only yesterday, it is clear that an adjudication of the underlying matter is necessary prior to a trial of this declaratory judgment action.

We thank you for your courtesy and consideration herein, and the parties are available for a virtual or telephone conference should the Court wish to discuss this matter in greater detail.

Very truly yours,

HURWITZ FINE P.C.

Jesse L. Siegel

JLS

Locations: Buffalo (headquarters) • Albany • Albion • Amherst • Hartford, CT
Melville • Niagara Falls • Rochester • Utica • FAX/EMAIL NOT FOR SERVICE





**HURWITZ FINE** pc

575 Broadhollow Road
Melville, New York 11747
P: 631.465.0700 F: 631.465.0313
hurwitzfine.com

cc:

**VIA ECF**
Pardalis & Nohavicka
950 3rd Avenue, 11th Floor
New York, New York 10022

The Court adjourns the deadline for the joint pretrial order and motions *in limine* to April 24, 2023. The Court invites counsel to submit, by April 7, 2023, a memorandum of law, attaching Brito's deposition testimony and citing apposite case authority, explaining why the Court's resolution of this matter would necessarily yield a result conditional on the outcome of the underlying personal injury trial. SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge
March 31, 2023

